UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:14CR447 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| JOHN FORTUNA, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant John Fortuna's motion to withdraw his guilty plea. Doc. 332.   The motion is DENIED.

"A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006). In fact, "'[w]hen a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise.'" *Id*. (quoting *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992)).   "A defendant may withdraw a guilty plea 'after the court accepts the plea, but before it imposes sentence if...the defendant can show a fair and just reason for requesting the withdrawal.'" *Ellis*, 470 F.3d at 280 (quoting Fed.R.Crim.P. 11(d)(2)(B)). To determine whether the Defendant has met this burden, the Court considers a number of factors, including:

(1) the amount of time that elapsed between the plea and the motion to withdraw it;

(2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;

(3) whether the defendant has asserted or maintained his innocence;

(4) the circumstances underlying the entry of the guilty plea;

(5) the defendant's nature and background;

(6) the degree to which the defendant has had prior experience with the criminal justice system; and

(7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994) (superseded on other grounds by U.S.S.G. § 3B1.1). "The factors listed are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 2015, 2017 (6th Cir. 1996).

In the instant matter, Fortuna contends that he received poor advice from his prior legal counsel and therefore should be permitted to withdraw his plea. A review of the above factors does not support his request.

### 1. Amount of Time Between Plea and Motion

Fortuna pleaded guilty before this Court on October 9, 2015. Fortuna did not seek to withdraw his plea until September 9, 2017. The Sixth Circuit has found proper the denials of motions to withdraw on the basis of delays far shorter than the instant case. *See, e.g., United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (upholding the denial of a motion to withdraw on the basis of a sixty-seven-day delay); United States v. Goldberg, 862 F.2d 101, 103 (6th Cir. 1988) (noting that a fifty-five delay supported denial of a motion to withdraw); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (indicating that a five-week delay supported denial of a motion to withdraw); *United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004) (holding that a seventy-five day delay was alone sufficient to deny withdrawal of a guilty plea). Accordingly, Fortuna's roughly 700-day delay weighs heavily against his motion.

### 2. Absence of a Valid Reason for Withdrawal

Fortuna has not offered any valid reason for his failure to move to withdraw his plea much earlier in these proceedings. By his own affidavit, Fortuna did not request that his prior counsel seek to withdraw his plea until nearly five months after it was accepted by this Court. Fortuna has not offered any rationale for this delay. Moreover, the underlying argument from Fortuna that he was given poor legal advice will be addressed below and also lacks merit.

### 3. Failure to Maintain Innocence

In that respect, Fortuna now appears to contend that he is innocent. However, he did not take this position during his plea colloquy. Fortuna admitted to the factual basis contained in his plea agreement that states that he and his co-defendants knowingly and willfully executed a scheme to defraud the insurers' health care benefit programs. The factual basis also notes that Fortuna actively encouraged his patients to undergo MUA procedures in exchange for a $4,000 referral fee for each patient. Fortuna also admitted that he "should have known and ignored a high probability" that his co-defendants would falsely bill for the MUA procedures in order to obtain insurance coverage. Accordingly, Fortuna has not consistently maintained his innocence in this matter.

### 4. Circumstances Surrounding the Guilty Plea

The circumstances underlying Fortuna's guilty plea also do not support his motion. While Fortuna contends that his prior counsel effectively offered him no advice or incorrect advice, his contentions are belied by the record. First, Fortuna contends that the decision to change his plea was only discussed within 24 hours of his change of plea hearing. Fortuna also asserts that he was falsely told that all his co-defendants would testify against him and that he would not face more than six months of house arrest. Finally, Fortuna contends that he was not told that he would

be a convicted felon. The Court's colloquy, however, demonstrates that Fortuna did not hold these beliefs when he entered his plea. First, Fortuna conceded that he had all the time necessary to review the matter with his counsel. Doc. 335 at 5. Fortuna was next told this crime would result in a felony conviction. Doc. 335 at 5. He was told all of the civil rights that he could lose as a result of that conviction. Doc. 335 at 5-6. Fortuna then admitted that he had ample opportunity to review and discuss the terms of his plea agreement with his counsel. Doc. 335 at 6. Fortuna also informed the Court that he had not received any promises or assurances to persuade him to plead guilty. Doc. 335 at 7.

Finally, the Court thoroughly reviewed the plea agreement provisions that discussed the advisory guidelines. The Court noted that all parties would be obligated to recommend a sentence within the advisory range. In so doing, the Court informed Fortuna: "At [offense level] 23, the advisor range could be 46 to 57 months. And the way this agreement reads, in essence, a best case scenario, at offense level 13, could be 12 to 18 months." Doc. 335 at 16-17. Based upon the above, Fortuna could not have held the belief that he would not be subject to a sentence of incarceration. Instead, he was clearly informed that his counsel would be obligated to recommend a sentence between 12 and 18 months in the best possible scenario for him. Similarly, Fortuna was informed that he would be a convicted felon and risked losing numerous civil rights. As such, Fortuna's plea colloquy undermines his assertions that his counsel gave him faulty advice that warrants withdrawal of his plea.

### 5. Fortuna's Nature and Background

As a licensed chiropractor, there is nothing in Fortuna's background that would suggest that he did not understand the proceedings before the Court. As such, his nature and background do not support withdrawal of his plea.

### 6. Fortuna's Lack of Experience in the Criminal Justice System

Fortuna does not appear to have any prior experience with the criminal justice system. However, given the level of detail during his plea colloquy, Fortuna's lack of experience does not weight strongly in favor of granting his motion to withdraw.

### 7. Prejudice to the Government

The Court is familiar with the extensive discovery and documents that would be involved if this matter were to proceed forward. Now, nearly two years after Fortuna's guilty plea, the Government would effectively need to begin its trial preparation anew. As such, substantial prejudice would flow to the Government if Fortuna were permitted to withdraw his plea.

### Conclusion

As demonstrated above, none of the factors weigh in favor of granting Fortuna's motion. Instead, the factors weigh heavily in favor of denial of the motion. Accordingly, Fortuna's motion to withdraw his guilty plea is DENIED.

IT IS SO ORDERED.


October 19, 2017                              /s/ John R. Adams
Date                                         Judge John R. Adams
                                             United States District Court